UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIANWEI LI (A-Number: 235-468-045),

Petitioner,

v.

CURRENT OR ACTING WARDEN OF MESA VERDE ICE DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-04751-KES-EGC (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

At the conclusion of a bond hearing on July 8, 2026, an immigration judge ordered petitioner Jianwei Li released on bond of $50,000 and imposed certain reporting and monitoring requirements. Doc. 16, Ex. 1. Petitioner asserts that the immigration judge failed to consider his ability to pay. *See* Doc. 14.

The audio recording of the bond hearing reveals the following exchange. The immigration judge stated, “I’ll set bond at $50,000, and monitoring and weekly reporting.” Audio Recording of Bond Hearing, at 23:08–23:36, Adelanto Immigration Court (recorded July 8, 2026) (lodged with Court) (“Audio Recording”). “I have some concern[,] . . . [so] if I set a bond at all, it’s going to be a pretty high bond, or I’ll just continue him in detention.” *Id.* “So is he capable of posting a $50,000 bond?” *Id.* Petitioner’s counsel replied, “I’m not absolutely certain about if he will . . . .” *Id.* at 23:49–23:55. The immigration judge then, through a translator, informed petitioner of his ruling. *Id.* at 27:14–31:36. After hearing the immigration judge’s ruling, petitioner asked, “May I request the bond to be reduced a little bit?” *Id.* at 31:36–31:50. The immigration judge replied, “No.” *Id.* “I need to move on with another case.” *Id.*

In *Hernandez v. Sessions*, the Ninth Circuit considered whether due process requires immigration judges to consider detainees' ability to pay when setting the amount of bond and whether due process requires consideration of alternative forms of release. 872 F.3d 976 (9th Cir. 2017). The class of detainees in that case, like petitioner, had "been determined to be neither dangerous nor so great a flight as to require detention without bond." *Id.* at 990. The Ninth Circuit explained that "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings, but any detention incidental to removal must 'bear[ ] [a] reasonable relation to [its] purpose.'" *Id.* (quoting *Zadvydas v. Davis*, 533 U.S.678, 690 (2001)). "A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests." *Id.* at 991. "Since the government's purpose in conditioning release on the posting of a bond in a certain amount is to 'provide enough incentive' for released detainees to appear in the future, we cannot understand why it would ever refuse to consider financial circumstances: the amount of bond that is reasonably likely to secure the appearance of an indigent person obviously differs from the amount that is reasonably likely to secure a wealthy person's appearance." *Id.* "[D]ue process likely requires consideration of financial circumstances and alternative conditions of release." *Id.*

The record in this case reflects that the immigration judge did not consider petitioner's ability to pay when selecting the amount of bond. The immigration judge explained that he wanted to set a "high bond" because he had certain concerns. *See* Audio Recording at 23:08–23:55. When he asked petitioner's counsel whether petitioner could afford to pay the bond, petitioner's counsel stated, "I'm not certain that he can." *See id.* The immigration judge then moved past the issue, and when petitioner himself asked the immigration judge if he would consider lowering the bond, the immigration judge refused. *See id.* at 31:36–31:50. The immigration judge's failure to consider petitioner's ability to pay violated due process.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner with a new hearing before an immigration judge, and the hearing shall be limited solely to consideration of the bond amount. The immigration judge shall

make explicit findings regarding petitioner's financial ability to pay any bond imposed and to consider alternative, non-monetary conditions of release, consistent with *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017).

Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.

The government's motion (Doc. 19) to accept the untimely submission of the audio of petitioner's July 8, 2026 bond hearing is granted. The clerk of court shall terminate any other pending motions as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

The Clerk is directed to serve Mesa Verde ICE Processing Center with a copy of this Order.

IT IS SO ORDERED.

Dated: September 20, 2026

UNITED STATES DISTRICT JUDGE